UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | No.: | 2:12-CR-04 |
| | ) | | |
| TIMOTHY KURT HONEYCUTT, JR. | ) | | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction, [Doc. 514]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded, [Doc. 533], and the matter is ripe for review. For the reasons that follow, the motion is DENIED.

## I.    Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a

---

[1]         Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's

2

court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendment 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id*. § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* USSG § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II.     Factual Background

The defendant pleaded guilty to conspiracy to manufacture five grams or more, but less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), [Docs. 169 and 386]. The defendant was held accountable for 61 grams of pseudoephedrine, which equates to 610 kilograms of marijuana, resulting in a base offense level of 28. However, the Statement of Reasons reflects that the parties agreed that the defendant's total offense level would be 23, with a Criminal History Category of III. Thus, the advisory range was 57 to 71 months, restricted by the mandatory minimum. Therefore, the range was 60 to 71 months. No additional adjustments were made.

The Court sentenced the defendant to 60 months' imprisonment, the statutory mandatory minimum. The defendant is presently scheduled for release on June 17, 2016.

## III.    Analysis

substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

Because the foundation of the defendant's sentence was his mandatory minimum sentence, any change in his § 2D1.1 base offense level has no impact on his sentence because the Sentencing Commission's amendments to the guidelines have no effect on statutory minimum sentences mandated by Congress. *Coats*, 530 F. App'x at 555. Thus, the defendant's sentence was not "based on" a sentencing range that has been lowered by Amendment 782. Because the defendant cannot show that his sentence was "based on" a guidelines range that has been subsequently lowered, he is not entitled to a reduction pursuant to section 3582(c).

## III.    Conclusion

For the reasons stated herein, the defendant's motion, [Doc. 514], is DENED.    All provisions of the Judgment, [Doc. 386], shall remain in effect.

ENTER:


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4